# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00024-014 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **REGINALD DARWIN MORTON,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Helen E. Phillips, McGlothin and Phillips, PLLC, Lebanon, Virginia, for Defendant.*

For the following reasons, the defendant's Motion for a New Trial will be denied.

The defendant Reginald Darwin Morton was convicted by a jury of knowingly conspiring to distribute and to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2009). In his Motion for a New Trial, Morton, through counsel, contends that the government failed to disclose impeaching evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).[1]

---

[1] Morton also filed a pro se Motion for New Trial, which I earlier denied as untimely.

Morton is one of fifty-one defendants charged in this case for offenses related to the distribution of crack cocaine. Following the Indictment, the defendants were severed into four separate groups for trial. Most of the defendants eventually pleaded guilty, and as to those who went to trial, all but one were convicted by juries.

During the first three trials, codefendants Paul Vaughn and Derrick Evans testified for the government.[2] In advance of the fourth trial, Vaughn and Evans recanted their trial testimony in letters to the court.[3] At the fourth trial, Vaughn and Evans did not appear, and Tyree Slade, a codefendant who had previously cooperated with the government, also recanted prior statements he had made in connection with this case.

The recanting letters by Vaughn and Evans prompted defendants Duty, Davis, Stallworth, and Baumgardner to file motions for a new trial. At an evidentiary hearing on these motions, held on June 18, 2009, Vaughn, Evans, and Drug Enforcement Administration Special Agent Todd Brewer testified. On June 22, 2009, Morton filed the present motion.

---

[2] The first trial, which began on October 6, 2008, involved defendants Anthony Eugene Duty, Robin Marie Davis, and Evans' wife, Christine Evans. The second trial, which began on October 27, 2008, involved defendants Douglas Lee Stallworth and Bruce Edward Baumgardner. The third trial, which began on December 15, 2008, involved Travis Dell Jones and Brian Kendall Morrison.

[3] The fourth trial, which began on May 26, 2009, involved Morton, Tyson Anderson, and Charles Jermaine King, Jr.

At the evidentiary hearing, Vaughn stated that based on promises made to him by investigators, he had expected to avoid prison in return for his cooperation. Evans testified that he had falsified part of his trial testimony to enhance his credibility. Agent Brewer testified that Police Detective Dalton Majors might have agreed to help Vaughn with his state drug charges in Tennessee and North Carolina.

Morton argues that the government should have disclosed (1) that Slade was going to recant his prior statements; (2) the alleged promise between Detective Majors and Vaughn; and (3) that Evans had fabricated part of his trial testimony.

In *Brady v. Maryland*, the Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The three necessary elements of a *Brady* claim are: "(1) the evidence must be favorable to the accused; (2) it must have been suppressed by the government, either willfully or inadvertently; and (3) the suppression must have been material." *Monroe v. Angelone*, 323 F.3d 286, 299-300 (4th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). In this context, "favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (quoting *United States v.*

*Bagley*, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.)). The disclosure requirement covers both impeachment material and other exculpatory evidence. *Id.*

I find Morton's *Brady* claims to be unsupported by the record.

Morton has not alleged that before trial, the government had expected Slade to recant his prior statements.[4] Without prior knowledge of the recantation, the government could not have suppressed that information, either willfully or inadvertently.

Additionally, assuming that Detective Majors promised Vaughn that he would not be charged with a state offense, I find that even if the government had disclosed this information, the result of the proceeding would not have been any different. Vaughn did not testify at Morton's trial and thus the jury did not consider his credibility. Morton's argument that the government should have disclosed the Evans recantation fails for this same reason.

Furthermore, the government's evidence against Morton was strong. Timothy Norton testified that he had bought crack from Morton and that he had chauffeured Morton in return for crack. Jessica Rodriguez, Morton's girlfriend, explained how Morton traveled to the Bristol area from Burlington, North Carolina, to sell crack. Oedipus Mumphrey testified that he and Morton transported approximately a half-

---

[4] At the fourth trial, Slade testified that he had lied to Agent Brewer when he told him that he had helped codefendant Bryant Kelly Pride sell crack cocaine.

kilo of crack from Burlington to Bristol, and that Morton distributed crack from a mobile home on Anderson Street in Bristol, Tennessee. Candace Maynard, Mumphrey's girlfriend, averred that she had picked Morton up in Burlington and had taken him to motels in Bristol to sell crack. Connie Stewart bought crack from Morton and sold crack for Morton. Melissa and Jason Ward allowed Morton to sell crack from their mobile home.

These witnesses were consistent and thoroughly cross-examined at trial. Under all the circumstances, I find that any presumed failure to disclose was not material.

For the foregoing reasons, it is **ORDERED** that Morton's Motion for a New Trial (#1965) is DENIED.

    ENTER: August 9, 2009

    /s/ JAMES P. JONES
    Chief United States District Judge