# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:08CR00024-014 |
| v. | ) **OPINION AND ORDER** |
| **REGINALD DARWIN MORTON,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Reginald Darwin Morton, Pro Se.*

The defendant, convicted by a jury in 2009 of participating in a drug trafficking conspiracy, has filed a pro se motion seeking a new trial under Federal Rule of Criminal Procedure 33 on the basis of newly discovered evidence. The motion is untimely, but in any event it is without merit and must be denied.

According to the defendant, the newly discovered evidence is a transcript of a recorded telephone conversation between one of his codefendants, Paul Vaughn, and a North Carolina police detective, Dalton Majors. He claims that this transcript shows that Detective Majors "consistently proceeded to intimidate Mr. Vaughn into cooperating with him to assist in falsely entrapping individuals who he did not know, including Mr. Morton." (Mot. 4, ECF No. 3195.) He alleges in his motion that he received this transcript on August 20, 2013, from a codefendant, Charles Jermaine King. (*Id.*) Vaughn did not testify at Morton's trial, although he

did testify before the grand jury and implicated Morton and others in the drug conspiracy.

Rule 33 provides that a motion for a new trial based upon newly discovered evidence must be filed "within 3 years after the verdict or finding of guilty." Fed. R. Crim P. 33(b)(1). Since that occurred in Morton's case back in 2009, his motion is clearly untimely.[1]

More importantly, the motion is without merit. The claim about Vaughn is not a new one. It was raised by Morton in his direct appeal. In affirming his conviction, the Fourth Circuit expressly considered and rejected his claim that Vaughn had given perjured testimony before the grand jury that indicted him. *United States v. Morton*, 443 F. App'x 775, 777-78 (4th Cir. 2011) (unpublished), *cert. denied*, 132 S. Ct. 1043 (2012). The court pointed out that following an evidentiary hearing, this court had determined that Vaughn had been truthful in his grand jury testimony and that in any event, since Vaughn did not testify at Morton's trial, "'any error in the grand jury proceeding connected with the charging decision [was] harmless beyond a reasonable doubt.'" 443 F. App'x at 778 (quoting *United States v. Mechanik*, 475 U.S. 66, 70 (1986)).

---

[1] Morton was resentenced in 2012 under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), but that did not have anything to do with the jury's guilty verdict, which was returned on May 29, 2009. (ECF No. 1898.)

-2-

Morton has filed a separate motion seeking my recusal, based upon his contention that I had been wrong in earlier decisions in his case. That is not a ground for recusal, *Liteky v. United States*, 510 U.S. 540, 555 (1994), and the motion will be denied.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion for Recusal (ECF No. 3196) is DENIED; and
2. The Motion for New Trial (ECF No. 3195) is DENIED.

ENTER: October 24, 2014

/s/ James P. Jones
United States District Judge

-3-

Case 1:08-cr-00024-JPJ-RSB   Document 3199   Filed 10/24/14   Page 3 of 3   Pageid#: 19714