# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:08CR00024-14 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **REGINALD DARWIN MORTON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia for United States; Reginald Darwin Morton, Pro Se Defendant.*

The defendant, Reginald Darwin Morton, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction. The United States has filed a Motion to Dismiss and Morton has responded. After reviewing the record and considering the arguments of the parties, I will grant the United States' Motion to Dismiss and deny Morton's § 2255 motion as untimely.

I.

A jury found Morton guilty of drug-related charges on May 29, 2009. I entered his criminal judgment on September 18, 2009, and sentenced him to 240 months' incarceration. J. 2, ECF No. 2267. Morton appealed and the court of appeals affirmed his conviction but remanded for resentencing based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *United States v. Morton*, 443 F.

App'x 775, 781 (4th Cir. 2011) (unpublished). On March 19, 2012, I resentenced Morton to 210 months imprisonment. Am. J. 2, ECF No. 2789. Morton again appealed, and the Fourth Circuit affirmed his sentence on December 17, 2012. *United States v. Morton*, 499 F. App'x 310, (4th Cir. 2012) (unpublished).

Morton then filed a number of additional motions, including a Motion to Reduce Sentence, ECF No. 2960, a Motion for a New Trial, ECF No. 3195, and a Motion to Recuse, ECF No. 3196, all of which I denied, ECF No. 2962, 3199. Morton appealed the denial of his Motion for a New Trial and Motion to Recuse, but the Fourth Circuit affirmed, *United States v. Morton*, 589 F. App'x 231, 231 (4th Cir. 2015) (unpublished), and denied a Motion for En Banc Review, ECF No. 3248. Finally, Morton filed two additional motions to reduce his sentence, ECF Nos. 3269, 3276, which I denied on June 3, 2015, ECF No. 3289.

On October 7, 2016, Morton filed the present § 2255 motion arguing that he is actually innocent of the drug conspiracy charge and that he received ineffective assistance because counsel failed to present exculpatory evidence.

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Morton bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

A court may consider the merits of a defendant's § 2255 motion only if it is timely filed. A one-year limitations period exists, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Morton's motion is untimely under § 2255(f)(1); the Fourth Circuit affirmed his conviction and sentence, following my resentencing, on December 17, 2012. Accordingly, Morton's judgment of conviction became final on March 17, 2013, when the time expired for him to file a petition for a writ of certiorari with the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 525 (2003); Sup. Ct. R. 13.1 (providing a petitioner 90 days after entry of judgment to

timely file a petition for certiorari). But Morton did not file his current § 2255 motion until October 7, 2016. The numerous additional motions that he filed did not extend the limitations period. Accordingly, his § 2255 motion is time barred.

Even if his petition were timely, however, he would not be entitled to relief. Morton claims that he is actually innocent based on "newly-presented evidence," comprised of affidavits signed by codefendants asserting that they had presented false testimony in separate trials of Morton's codefendants. § 2255 Mot. 5, ECF No. 3463. However, this evidence is not new. It existed prior to trial. Moreover, defense counsel raised the issue of the affidavits, which were the subject of a motion in limine, and I granted the motion, allowing the defense to call the codefendants to testify with regard to Morton's involvement in the charged offense. In addition, some evidence regarding the affidavits was presented to the jury. In closing argument, defense counsel relied on two affidavits from codefendants, in which they admitted to previously lying about the drug conspiracy, in order to cast doubt on the government's case. Trial Tr. 67-68, ECF No. 2380. Therefore this evidence was presented, at least in part, to the jury and Morton cannot establish that he suffered prejudice from counsel's conduct. *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (concluding that in order to establish prejudice, a defendant "must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Moreover, on appeal, Morton argued that substantial evidence did not support his conviction, but the Fourth Circuit disagreed and confirmed his conviction. *Morton*, 443 F. App'x at 779. A defendant may not successfully collaterally attack an issue that has already been decided on direct appeal without demonstrating an intervening change in law, which Morton does not — and cannot — do. *United States v. Roane*, 378 F.3d 382, 396 n.7 (4h Cir. 2004)

Finally, to the extent that Morton is arguing that counsel erred by failing to call all of the codefendants who recanted prior statements, that is a decision properly left to counsel. *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (noting that counsel is tasked with determining how best to represent a defendant, including determining trial strategy). Accordingly, Morton is not entitled to relief.

### III.

For these reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 as untimely. A separate order will be entered this day.

DATED: March 13, 2018

/s/ James P. Jones
United States District Judge