# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00024-14 |
| v.   ) | **OPINION** |
| ) | |
| **REGINALD DARWIN MORTON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant.   ) | |

*Reginald Darwin Morton, Pro Se Defendant.*

The defendant, Reginald Darwin Morton, has filed a second Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and the court records, I find that the § 2255 motion must be summarily dismissed as successive.[1]

After a jury found Morton guilty of a drug-related conspiracy charge, I sentenced him to 240 months of incarceration. The court of appeals affirmed Morton's conviction, but remanded for resentencing based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *United States v. Morton*, 443 F. App'x 775, 781 (4th Cir. 2011) (unpublished). On March 19, 2012, I resentenced Morton to 210

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the motion and the record of prior proceedings that the defendant is not entitled to relief.

months imprisonment, and his subsequent appeal was unsuccessful. *United States v. Morton*, 499 F. App'x 310, (4th Cir. 2012) (unpublished). I dismissed as untimely filed Morton's initial § 2255 motion, filed in October of 2016. *United States v. Morton*, No. 1:08CR00024-14; 2018 WL 1287418 (W.D. Va. Mar. 13, 2018), *appeal dismissed*, 727 F. App'x 65 (4th Cir. 2018) (unpublished).

Morton now brings a second § 2255 motion, alleging the following grounds for relief, based on events known to him when he filed his initial § 2255 motion: (1) Agent Brewer lied on the affidavit supporting the search and arrest warrant; and (2) trial counsel provided ineffective assistance in (a) failing to investigate and call as witnesses Morton's codefendants who had recanted their prior testimony; and (b) failing to object to the court's instruction to the jury regarding the definition of conspiracy. As relief, Morton asks the court to vacate his conspiracy conviction and sentence.

This court may consider a defendant's second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. § 2255(h). As stated, Morton has already filed his initial § 2255 motion that I dismissed as untimely filed. Because Morton offers no indication that he has obtained certification from the court of appeals to pursue his current motion as a second or successive § 2255 motion, I must dismiss the motion without prejudice as successive.

-3-

A separate Final Order will be entered herewith.

DATED: July 21, 2020

/s/ JAMES P. JONES
United States District Judge