# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:08CR00024-014 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **REGINALD DARWIN MORTON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*John T. Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant; Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States.*

The defendant, Reginald Darwin Morton, a federal inmate previously sentenced by this court, has filed a motion requesting the court to reduce his future term of supervised release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). Although the defendant is eligible for relief, in my discretion, I will deny the request. The defendant further seeks compassionate release from his present imprisonment under 18 U.S.C. § 3582(c)(1)(A). I will deny that motion as well.

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than 5 grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

II.

On May 29, 2009, a jury found Morton guilty of conspiracy to distribute or possess with intent to distribute at least 50 grams of cocaine base ("crack") but less than 500 grams of cocaine. On September 18, 2009, I sentenced him to 240 months incarceration. J. 2, ECF No. 2267. Morton appealed and the court of appeals affirmed his conviction but remanded for resentencing based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *United States v. Morton*, 443 F. App'x 775, 781 (4th Cir. 2011) (unpublished). On March 19, 2012, I resentenced Morton to 210 months imprisonment, to be followed by a ten-year term of supervised release. Am. J. 2–3, ECF No. 2789. At resentencing, I found that Morton had a Total Offense Level of 36, with a Criminal History Category of VI, resulting in a custody range of 324 to 405 months. However, because of the disparity between the scoring of powder and crack cocaine found in the guidelines, I varied downward to a sentence of 210 months. Tr. 10–11, 18, ECF No. 2837. I considered what Morton's guidelines range would have been had his offense involved powder cocaine instead of crack cocaine, and I sentenced him to a term of imprisonment at the bottom of that range. I further sentenced him to a ten-year term of supervised release, even though under the guidelines, he was eligible for a supervised release term of as few as five years. Morton again appealed, and the

Fourth Circuit affirmed his sentence. *United States v. Morton*, 499 F. App'x 310, 313 (4th Cir. 2012) (unpublished).

Since then, Morton has filed a number of additional motions, including a Motion to Reduce Sentence, ECF No. 2960; a Motion for a New Trial, ECF No. 3195; and a Motion to Recuse, ECF No. 3196; all of which I denied, ECF Nos. 2962, 3199. Morton appealed the denial of his Motion for a New Trial and Motion to Recuse, but the Fourth Circuit affirmed, *United States v. Morton*, 589 F. App'x 231, 231 (4th Cir. 2015) (unpublished). Morton filed two motions to reduce his sentence under § 3582(c)(2) based on Amendment 782, ECF Nos. 3269, 3276, which I denied on June 3, 2015, ECF No. 3289.

Morton thereafter filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied on March 13, 2018, ECF No. 3544, and his appeal dismissed, *United States v. Morton*, 727 F. App'x 65, 66 (4th Cir. 2018) (unpublished). Next, Morton filed another motion to reduce his sentence under § 3582(c)(2) based on Amendment 782, which I again denied on October 7, 2019, ECF No. 3761.

On August 31, 2020, Morton file the present pro se motion for compassionate release and for reduction of his term of supervised release under § 404 of the 2018 FSA. I appointed counsel to represent him, and counsel filed a supplemental motion addressing only the request for compassionate release. The

government responded, addressing both the request for compassionate release and the § 404 sentence reduction request. Defense counsel then submitted a reply, again discussing only the request for compassionate release.

### III.

As explained by the court of appeals,

> [s]ection 404 of the FSA 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Covered offenses are those for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010. § 404(a), 132 Stat. at 5222. Importantly, "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c), 132 Stat. at 5222.
>
> The FSA 2018 "fits under the narrow exception to finality provided by [18 U.S.C.] § 3582(c)(1)(B) because it expressly permits the court to modify a term of imprisonment." *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) (internal quotation marks and emphasis omitted). Available relief under the Act is limited to a sentence modification rather than a plenary resentencing. *See id.* at 181 n.1.

*United States v. France*, 799 F. App'x 191, 192 (4th Cir. 2020) (unpublished).

The government does not contest that Morton is entitled to be considered for a reduction in sentence under § 404 of the 2018 FSA because he was sentenced under 21 U.S.C. § 841(b)(1)(A) for a cocaine base offense committed prior to the

enactment of the Fair Sentencing Act.  *See Wirsing*, 943 F.3d at 185.  Morton's new statutory range would be 5-to-40 years imprisonment and at least four years of supervised release.  21 U.S.C. § 841(b)(1)(B).  His adjusted offense level is 34, and his criminal history category remains VI, giving him an adjusted guidelines range of 262–327 months imprisonment.  This range calls for significantly more time than the sentence he is currently serving.

    The government asks me not to exercise my discretion to reduce Morton's term of supervised release because I already considered a guidelines range more lenient than what the Fair Sentencing Act would have required, and because the nature of his crimes and his criminal history justify his present term of supervision.

    I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  I have reviewed the defendant's original Presentence Investigation Report and education and disciplinary data while in prison, as well as the briefs filed by the defendant and by counsel.

    Morton had a lengthy criminal history prior to his arrest in this case, beginning at the age of 17.  His history consisted of dozens of convictions over a period of about twelve years, including several felonies.  The facts underlying this case are serious.  Morton played a significant role in a large-scale drug conspiracy.

As I stated at his resentencing hearing in 2012, I was and am concerned about his potential for recidivism and the need to protect the public from future crimes of the defendant. Although Morton claimed in 2012 that he had turned his life around, his prison disciplinary record suggests otherwise. He received disciplinary charges in 2013, January 2015, April 2015, February 2019, March 2019, and April 2019.

Based on these facts, I continue to believe that a lengthy period of supervision is necessary to deter the defendant from committing future crimes and to protect the public. I therefore decline to reduce Morton's term of supervised release.

IV.

Morton has served about 12 years and four months of his 17.5-year sentence. The Bureau of Prisons estimates that his projected release date is August 11, 2024. Morton's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is based on the COVID-19 pandemic and his medical condition.

While I do not intend to diminish the seriousness of the current pandemic or the suffering the defendant may experience as a result of his health conditions, I find that the circumstances do not qualify as those that are extraordinary and compelling. Morton's medical records show that he has hypertension, which appears to be well controlled. While the Centers for Disease Control and Prevention has stated that hypertension might place a person at an increased risk of

severe illness from COVID-19, there is insufficient evidence to know for sure at this time. The defendant is only 42 years old, and therefore does not fall into the age group most at risk of serious complications from the coronavirus.

Based on these facts and the facts discussed above, as well as the § 3553(a) factors, I find that the defendant is not qualified for such extraordinary relief. After considering the applicable factors provided in 18 U.S.C. § 3553(a) including factors (1), 2(A), 2(B), and 2(C), and the applicable policy statements issued by the Sentencing Commission, and for the reasons stated on behalf of the United States, I will deny the motion for compassionate release after complete review on the merits.

V.

For the foregoing reasons, it is **ORDERED** that the defendant's motion, ECF Nos. 3821, 3833, is DENIED.

ENTER:   December 2, 2020

/s/  JAMES P. JONES
United States District Judge