CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
March 11, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:08CR00024-014 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **REGINALD DARWIN MORTON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Reginald Darwin Morton, Pro se Defendant.*

Defendant Reginald Darwin Morton, an inmate sentenced by this court, has filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). His only grounds for such relief are that he has served more than 10 years' imprisonment and that Amendment 821 "didn't apply to him." Mot. 1, ECF No. 4137.

On May 29, 2009, Morton was convicted of conspiracy to distribute or possess with intent to distribute at least 50 grams of cocaine base but less than 500 grams of cocaine. On September 18, 2009, he was sentenced to 240 months incarceration. Morton appealed, and the court of appeals affirmed his conviction but remanded for resentencing based on *United States v. Simmons*, 649 F. 3d 237 (4th Cir. 2011). *United States v. Morton*, 443 F. App'x 775, 781 (4th Cir. 2011) (unpublished). On

March 19, 2012, I resentenced Morton to 210 months of imprisonment, which was below the guidelines range, and 10 years of supervised release.

Since then, Morton has filed motions to reduce his sentence, as well as several motions for other forms of relief.[1] On August 31, 2020, Morton filed a pro se motion for compassionate release and I appointed counsel, who filed a supplemental motion. On December 2, 2020, I denied Morton's motion, noting that Morton's adjusted offense level and criminal history category placed him in a guidelines range that called for a significantly longer sentence than 210 months. I also considered the 18 U.S.C. § 3553(a) factors, which weighed against release. Morton had an extensive criminal history prior to his conviction in this case and several disciplinary charges during his imprisonment. In addition, despite the risks that the COVID-19 pandemic posed at the time, Morton's health conditions appeared well controlled such that the pandemic did not warrant his release.

On February 1, 2021, Morton filed another pro se motion for compassionate release. I denied that motion on the grounds that I had already considered everything it presented when I ruled on Morton's previous motion. That is the case here.

---

[1] *See United States v. Morton*, No. 1:08CR00024-014, 2009 WL 2473980, at *1 (W.D. Va. Aug. 9, 2009); *United States v. Morton*, No. 1:08CR00024-014, 2014 WL 11512376, at *1 (W.D. Va. Oct. 24, 2014), *aff'd*, 589 F. App'x 231 (4th Cir. 2015) (unpublished); *United States v. Morton*, No. 1:08CR00024-014, 2020 WL 7054240, at *1 (W.D. Va. Dec. 2, 2020), *aff'd*, 848 F. App'x 598 (4th Cir. 2021) (unpublished).

Morton's present motion does not suggest a change in circumstances that would warrant compassionate release at this time.

Accordingly, the Motion, ECF No. 4137, is DENIED.

It is so **ORDERED**.

          ENTER:   March 11, 2025

          /s/  JAMES P. JONES
          Senior United States District Judge